Gary W. Dyer, CSBA #106701　　　　　　Hon. FREDERICK P. CORBIT
Assistant United States Trustee
United States Dept. of Justice
920 West Riverside, Room 593
Spokane, WA  99201
Telephone (509) 353-2999
Fax (509) 353-3124

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF WASHINGTON**

| In re: | Case No. 24-02044 FPC11 |
|---|---|
| 3422 W CLARENDON AVE, LLC | NOTICE OF AND MOTION TO CONVERT CHAPTER 11 CASE, OR APPOINT A CHAPTER 11 TRUSTEE |
| Debtors | |

Please take notice that the Acting United States Trustee, by and through his attorney, Gary W. Dyer, moves to convert or appoint chapter 11 trustee pursuant to 11 U.S.C. §§ 1112(b), and 1104 and FRBP 1017. The United States Trustee does so for the following reasons:

**A. JURISDICTION AND VENUE**

Jurisdiction is based upon 28 U.S.C. §§ 581 et, al., 586(a)(8), 157(a) and (b), and 1334, 11 U.S.C. §§ 1112(b) and 1104, FRBP, Rules 1017(f), 9013 and 9014,

NOTICE OF AND MOTION TO CONVERT CHAPTER 11
CASE OR APPOINT A CHAPTER 11 TRUSTEE　　　　　　　　　　　　　　　Page 1

and Eastern District Court Local Rules, LCivR 83.5(a). Venue is appropriate in the Eastern District of Washington based upon the address of the debtor as an LLC.

## B. APPLICABLE LAW

Congress granted the bankruptcy courts great discretion to convert or dismiss a chapter 11 bankruptcy case for "cause" under 11 U.S.C. §1112(b). *See, e.g., Pioneer Liquidating Corp. v. United States Trustee (In re Consol. Pioneer Mortgage Entities)*, 264 F.3d 803, 806 (9th Cir. 2001); *Marsch v. Marsch (In re Marsch)*, 36 F.3d 825, 828 (9th Cir. 1994). Section 1112(b) provides a nonexhaustive list of factors constituting cause. 11 U.S.C. 1112(b); *see also* House Report No. 595, 95th Cong. 1st Sess 405-406 (1977) and Senate Report No. 989, 95th Cong., 2d Sess. 117-118 (1978) (section 1112(b)'s list of grounds for conversion or dismissal is not exhaustive). After determining whether cause exists, the bankruptcy court ordinarily must consider whether dismissal or conversion would best serve the interests of creditors. *Woods & Erickson, LLP v. Leonard (In re AVI, Inc.),* 389 B.R. 721, 729 (9th Cir. BAP 2008) (*citing Nelson v. Meyer (In re Nelson),* 343 B.R. 671, 675 (9th Cir. BAP 2006).

Section 1112(b)(1) permits the court to appoint a chapter 11 trustee, as an alternative remedy, if "in the best interests of creditors and estate." Section 1104

24-02044-FPC11    Doc 35    Filed 01/21/25    Entered 01/21/25 08:58:16    Pg 2 of 8

permits the court to appoint a chapter 11 trustee for cause, which can include "fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause," or "if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate."

The United States Trustee is a proper party to raise these issues. 28 U.S.C. § 586(a)(8) and 11 U.S.C. § 307. *In re Donovon Corp.*, 215 F.3d 929 (9th Cir. 2000).

### C. GROUNDS FOR THE MOTION TO CONVERT

1. The debtor has not filed schedules. Time was extended to December 20th by the Southern District of Texas but nothing was filed. This will cause the delay in the meeting of creditors.

2. The debtor has not filed any monthly operating reports (MORs). They are past due for October, November and December of 2024.

3. The corporate resolution authorizing the filing of this case (Docket #1-4) provides that Ryan Wear "shall operate the Company" and shall take such action and execute documents as are necessary to operate the Company and manage the Company's obligations in accordance with the bankruptcy case". He has

obviously not done so.

4. On December 19, 2024 (see Docket # 28), a continued meeting of creditors was set for January 17, 2024 at 9:00 AM after the case was transferred from the Southern District of Texas. Neither the debtor nor the debtor's counsel attended. Neither the debtor nor debtor's counsel advised the U.S. Trustee it would not attend.

### D. GROUNDS FOR THE MOTION FOR APPOINTMENT OF A TRUSTEE

5. Ryan Wear remains in control of this debtor. As noted above, Mr. Wear has not performed the fundamental first steps for this case, not provided the reporting as required by Rule 2015 and 28 CFR 58.8. As the court is aware from the four other pending cases related to the Refreshing USA, Water Station Management, Creative Technologies and Ideal Property Investments, he was ousted from control of the affiliated cases of Ideal Investment Properties, LLC, Creative Technologies, Refreshing USA, LLC and Water Station Management, LLC by the Washington State courts and replaced with a receiver who was later appointed as the manager of those entities because Mr. Wear did not comply with the state court's order. These are facts presented in the respective cases and not

contested by Mr. Wear nor on appeal. See Exhibit 1 and 2; Section 1104(a)(1) and (e). The allegations against Mr. Wear and the actions of Mr. Wear in consenting to the appointment of receivers suggest that current management (Mr. Wear) participated in actual fraud or dishonesty in the management of the debtor. 11 U.S.C. § 1104(e). Mr. Wear, in fact, consented and ratified the acts of the receiver to file the chapter 11 case in Ideal and gave up the manager's role. See Exhibit 3, 4 and 6. Mr. Wear is accused of selling assets of affiliated companies. See Exhibit 5. The bond group's complaint in the Southern District of New York echoes the same allegations and concerns as the receivership cases. See Exhibit 1. Mr. Wear has engaged in the type of conduct that constitutes cause for the dismissal, conversion or the appointment of a trustee. At the very least, he has failed to demonstrate the requisite trustworthiness to serve as an estate fiduciary and debtor in possession.

6. This estate will be liquidated, not reorganized. The debtor's status report (Docket #14 filed while the debtor was in Texas) so states. Liquidation can be more expeditiously accomplished in a chapter 7 case at a lower expense to the estate. The net funds will follow the Title 11 waterfall standards or follow the course directed by the court after further hearings. The administration of the case by an independent, objective trustee will instill confidence to the liquidation

process, to the benefit of all parties in interest.

7. The debtor filed this case under Subchapter V case (which the Texas Bankruptcy Court reverted to a standard chapter 11 case per its November 18, 2024 minute order) when Mr. Wear knew of Tyler Sadek's pre-petition $15,000,000+ judgment in Indiana. Although the debtor has not filed schedules, the action of Mr. Sadek in the Indiana judgment and the assignment of the membership interest pursuant to that judgment occurred in summer long *before this case was filed* in October of 2024. This debtor was not eligible to file a Subchapter V case. Mr. Wear's incomplete disclosure of the debts of the debtor constitutes gross mismanagement and an abuse of the process, which is cause for dismissal, conversion or the appointment of a trustee.

8. The allegations in the various complaints by investors and purchasers of the water station vending machines cite the debtor and Mr. Wear as defendants. Mr. Wear is thus conflicted because of potential judgments against him and the likelihood he will use his corporations to fend off or deflect these judgments. He cannot act in the best interests of the corporate entities when he is alleged to have personally committed fraud and used the corporations as his tools to do so. He cannot investigate himself and his actions on behalf of the estate nor sue himself on its behalf for damages for which his is personally responsible. In short, he

cannot perform the fiduciary and independent duties required of a debtor in possession in this case. Mr. Wear's inability to independently and objectively fulfill the fiduciary duties owed to the estate is cause for conversion or the appointment of a chapter 11 trustee. *See In re Products Intern.Co.*, 395 B.R. 101 (Bankr. D. AZ 2008). Statements by the creditors in the various state receivership cases and federal court complaints tied to Mr. Wear evidence their lack of confidence in him. His removal as debtor in possession is thus in the best interests of the creditors and the estate.

9. The case is not being prosecuted. Not only are the issues with the filing of schedules and the failure to file MORs, but the other promised actions have also not happened. In the Status Report filed at Docket #14, the debtor identified several steps it would take immediately which have not happened. First, the debtor was to file a motion to appoint CRO "shortly." That has not happened.

Second, the debtor was to file a motion to retain a real estate broker. In the "next day or two." That has not happened.

Three, the debtor has not pursued the motion for turnover of estate assets. It simply is sitting on the docket with no hearing set after the objection.

\\\

\\\

Wherefore, the Acting United States Trustee respectfully requests that the court convert this case to chapter 7, or in the alternative enter an order for the appointment of a chapter 11 trustee and order such other relief as the court may deem just under the circumstances of this case.

**OBJECTIONS**

UNLESS YOU FILE a written objection with the clerk of the court electronically or at 904 West Riverside Avenue, Room 304, Spokane, WA. 99201 and serve a copy on the undersigned within 24 days of the date of this notice, an order may be entered without further notice to you.

Dated: January 17, 2025

Respectfully submitted,

JONAS V. ANDERSON
ACTING U.S. TRUSTEE

 /s/ Gary W. Dyer
Gary W. Dyer
Assistant U.S. Trustee

NOTICE OF AND MOTION TO CONVERT CHAPTER 11
CASE OR APPOINT A CHAPTER 11 TRUSTEE          Page 8